## TAYLOR, ADMINISTRATOR, v. TAYLOR.

[No. 6,599. Filed February 3, 1909. Rehearing denied March 9, 1909.]

1. GUARDIAN AND WARD.—*Insane Persons.*—*Contracts.*—Contracts executed by an insane ward are void. p. 372.

2. GUARDIAN AND WARD.—*Care.*—*Insane Persons.*—It is a guardian's duty to take proper care of his ward and charge the expenses thereof to the ward's estate; and the relationship of the ward to the guardian does not affect such duty, but may be considered in estimating the proper compensation for the guardian's services. p. 372.

3. GUARDIAN AND WARD.—*Care of Ward.*—*Duty of Court.*—The compensation for the care of a ward may be fixed in advance by the court, but where not so fixed, the allowance therefor must be subject to the approval of the court, the guardian being an agent of the court. p. 372.

4. GUARDIAN AND WARD.—*Approved Reports.*—*Setting Aside.*—*Burden of Proof.*—Where a guardian's report has been approved, the burden of proving fraud or mistake therein, sufficient to set it aside, is upon the party attacking such report. p. 373.

5. GUARDIAN AND WARD.—*Care and Support.*—*Compensation.*—*Excessive.*—Where the approved report of the guardian of an insane ward is attacked as containing an excessive allowance to the guardian, who was the ward's son, for the care and support of the ward, and the evidence shows that the guardian was allowed $2 per week for certain years, and that during one of such years such guardian did not so care for such ward, the court should order such excess to be refunded. p. 373.

6. APPEAL.—*Excessive Recovery.*—*Remittitur.*—Where a judgment is excessive, in a fixed sum, the Appellate Court may order a remittitur of such amount. p. 373.

From the Clark Circuit Court; *Harry C. Montgomery,* Judge.

Final report by Zachary Taylor, as administrator with the will annexed of the estate of Mary A. Taylor, deceased, to which Allen L. Taylor, as administrator *de bonis non* with the will annexed of the estate of Mary A. Taylor, deceased, files exceptions. From an order approving such report, exceptor appeals. *Affirmed conditionally.*

*James K. Marsh,* for appellant.
*Joseph A. McKee,* for appellee.

COMSTOCK, P. J.—The issues determined in this cause were presented by the report of Zachary Taylor, administrator with the will annexed of the estate of Mary A. Taylor, and the exceptions thereto by Allen L. Taylor, administrator *de bonis non,* now the appellant. Special findings were made, conclusions of law stated thereon, and judgment rendered approving the report in all things and discharging said administrator from said trust. As shown by the special findings and by the evidence, the appellee, on October 13, 1903, was appointed administrator with the will annexed of the estate of Mary A. Taylor. He acted in said capacity until May 16, 1905, at which time, in an action had in the proper court, the will of said testatrix was set aside.

In his report, showing his receipts and disbursements, with the appraised value of the personal estate as shown by the inventory amounting to $2,900.40, with interest thereon from September 30, 1903, to September 18, 1905, after deducting interest as credits set out in said report, $319.04, making total charges $3,219.44, he claimed a total of credits, $837.48, leaving a balance due said estate of $2,381.96. The appellant excepted to the allowance of items eight, ten, eleven and twelve. Appellant also excepted to the approval of said report, because said Zachary Taylor had not accounted for and charged himself with certain articles of personal property and for money collected for rent of farm for the year 1892, for which he was properly chargeable, amounting in

the aggregate to $223. The court found that all the fore-going items excepted to were proper credits, and that these articles and the rent with which it was alleged he had not charged himself or accounted for had never been received by him. There was evidence to support each of the special findings.

Further objection is made and exception taken to said report as follows: "And said exceptor further shows to the court, and complains of said Zachary Taylor, that said Mary A. Taylor was on October 22, 1894, duly adjudicated by the Clark Circuit Court of unsound mind and incapable of managing her own estate, and on said day Zachary Taylor was by said court appointed, and afterwards qualified, as her guardian until her death, which occurred at said Clark county on September 30, 1903; that at the April term, 1902, of said court, and on June 7, 1902, said Taylor as such guardian presented and filed his report as such guardian, duly verified, containing a statement of his doings in said guardianship and his charges and expenditures in said trust; that in said report he wrongfully and fraudulently, and for the purpose of cheating said ward and her estate, charged and made a claim against his said ward for and on account of maintaining her, including wearing apparel, board, washing, medicine, etc., from April 10, 1896, to June 5, 1902, and procured the court to allow him therefor $642; that said claim was unjust, fraudulent, and not a proper and valid demand or debt due and owing to said Taylor from his said ward or her said estate, for the following reasons, viz.: (1) Said Mary A. Taylor was his mother, and during all the time from April 10, 1896, to June 5, 1902, lived with him as a member of his family, and not in any other manner, and there was not during said period, or any portion thereof, any contract, agreement or understanding by and between her and said Taylor that she was to pay anything to said Taylor for being main-

tained, boarded or furnished with wearing apparel, or that any claim or charge on account thereof should be made by said Taylor against her or her estate; (2) said Zachary Taylor did not maintain his said ward, furnish her wearing apparel and medicine, board her and do her washing during such period; (3) the amount so allowed was excessive, unreasonable, and more than a fair and just compensation for the services rendered, and washing done, board and wearing apparel furnished for said ward during said period.''

Upon the foregoing objections the court found, in part, as follows: '' (1) That on October 22, 1894, Zachary Taylor was appointed guardian of the person and estate of Mary A. Taylor, who had theretofore been declared of unsound mind, said Mary A. Taylor being the mother of Zachary Taylor; that on April 28, 1896, he filed his report in partial accounting of his doings as such guardian; that on June 11, 1902, he filed his report as such guardian in partial accounting; that in the last-mentioned report he presented a claim against the estate of his said ward for such sum as would reasonably compensate him for the care, support and maintenance of said ward from April 10, 1896, to June 7, 1902; that the court allowed said Zachary Taylor, as compensation therefor, the sum of $642, being for 321 weeks of such support and maintenance at the rate of $2 per week; that on October 27, 1902, he filed his final report as guardian, showing that he had on hand on that day $2,897.20; that on October 13, 1902, said Zachary Taylor, was appointed administrator with the will annexed of the estate of Mary A. Taylor, then deceased; that on October 27, 1903, said Zachary Taylor, as guardian of the person and estate of Mary A. Taylor, then deceased, paid to himself, as administrator with the will annexed of the estate of Mary A. Taylor, deceased, the sum of $2,897.20. (2) That thereafter, on November 27, 1903, said Zachary Taylor filed his inventory of the personal estate of said de-

cedent, showing that it consisted of money on hand, amounting to $2,897.20, and other personal property $3.20, being in all $2,900.40; that on July 25, 1905, Allen L. Taylor was appointed administrator *de bonis non* of the estate of Mary A. Taylor, deceased. (3) The court finds that the allowance by the court on June 11, 1902, of the sum of $642, to said Zachary Taylor, for support and maintenance of his ward, Mary A. Taylor, his mother, was not in excess of the usual charge and value of services for such support and maintenance; that during the period of time between April 10, 1896, and June 7, 1902, said Mary A. Taylor was practically blind and required a great deal of attention; that this was furnished and her maintenance provided by Zachary Taylor."

Upon the facts found the court stated as conclusions of law: "(1) That the various reports of Zachary Taylor as guardian of the person and estate of Mary A. Taylor, who was a person of unsound mind, including therein the final report of said Zachary Taylor as such guardian, are in all things correct and just and should be approved and confirmed by the court. (2) That the account and vouchers in final settlement filed by said Zachary Taylor, administrator with the will annexed of the estate of Mary A. Taylor, deceased, including therein the amounts claimed for his own services and in payment of attorney's fees, are correct, and that all credits therein asked should be allowed by the court; that said report should in all things be approved and confirmed, and said Zachary Taylor as such administrator be released and discharged from his said trust." To each of which appellant excepted.

The evidence shows that appellee was appointed guardian on October 22, 1894. On April 10, 1896, he made his current report, in which he stated: "The ward is living with me and supported by me as a member of my family, for which I make no charge." On October 14, 1898, he filed his second current report, in which no mention was made of

claim for the care of his ward. On June 11, 1902, he filed his third current report in which he makes the following statement: "Said guardian further represents to the court that his ward has been living with him since his appointment as such guardian in October, 1894; that up to the time of making his first accounting, on April 10, 1896, he made no charge for the maintenance and support of said ward; that said guardian now represents to the court that his said ward is about seventy-five years of age; that so far she has been able to look after and care for her own wants, but since the making of his said accounting in April, 1896, she has been unable to do anything in the way of helping about the household affairs, and said guardian has been maintaining and supporting his said ward, furnishing her clothing, board, medicine, etc., at his own expense, and he asks that he be allowed whatever to the court may seem equitable and just for the maintenance of his said ward, including wearing apparel, board, washing, medicine, etc., from the said April 10, 1896, up to June 5, 1902."

Section 3110 Burns 1908, §2554 R. S. 1881, provides:
1. "Every contract, sale or conveyance of any person while of unsound mind shall be void." No contract could have been made with the ward.

2. It is the duty of a guardian to take proper care of his ward, furnishing a suitable home, board and clothing and other necessaries. The value of such supplies is a proper charge against the ward's estate. *Miller* v. *Hart* (1893), 135 Ind. 201.

Whether the ward is a stranger or of kin to the guardian can make no difference in this obligation, although it may be taken into account upon the question of compensation.
3. Compensation for care of an insane or invalid ward may be fixed in advance, but where it is not so fixed by the court the amount to be allowed in payment for such service will be subject to the approval of the court. *Master* v. *Jones* (1902), 158 Ind. 647. The guardian, in

case of an insane ward, acts only as the agent of the court, and the court may either authorize before or approve after he has acted in the line of his duty. That the services for which the guardian received credit were rendered, care taken, home provided and supplies furnished, there is no question. All these were found by the court in approving the guardian's report of 1902. They were passed upon.

The burden was upon the appellant to show that the allowance of $642 made said guardian for services in his final report as guardian was erroneous, but, with the burden upon the administrator, the result appears from the evidence and findings that a correct conclusion was reached, with one exception. The evidence shows that for one year of the time for which allowance was made for the maintenance of the ward she was with and cared for by her children other than her guardian. The allowance should be reduced by the sum representing that period.

It is therefore ordered that if within thirty days from this date said guardian be charged in his said final report as administrator with the sum of $104 additional, then this judgment be affirmed, otherwise, it stands reversed, with instructions to sustain appellant's motion for a new trial.

Watson, C. J., did not participate.