## SEBIENSKE ET AL. *v.* DOWNEY ET AL.

[No. 7,100.   Filed February 24, 1911.]

1. QUIETING TITLE.—*Defective Descriptions.—Complaint.*—A complaint, otherwise sufficient, seeking to quiet title to two described tracts of land, will be held good, where one of the descriptions is conceded to be sufficient.   p. 216.

2. QUIETING TITLE.—*Ejectment.—Defective Descriptions.—Complaint.—Disclaimer.—Harmless Error.*—A holding that the description, in a complaint, of a certain tract of land is sufficient, is harmless, where defendants, in open court, disclaim any interest in such tract.   p. 216.

3. QUIETING TITLE. — *Complaint. — Judgment.—Description.—Sufficiency.*—Where in a complaint for possession and to quiet title, or in the judgment for possession, or the decree quieting such title, the description given will enable a surveyor to identify the land, it is sufficient.   p. 216.

4. QUIETING TITLE. — *Description. — Complaint. — Sufficiency.*—A complaint to quiet title to the west half of lot three north of the "Indian boundary line," and the west half of the south half of the northwest quarter south of such line, excepting therefrom five

acres in the southeast quarter thereof, all in section thirty-two, township thirty-seven north, range seven west, in Lake county, Indiana, comprising the west half of the northwest fractional quarter of said section thirty-two, the west line of which is located at a point eight and eight-tenths feet west of the northwest corner of a dwelling used as a residence by defendants, sufficiently describes the lands. p. 217.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Suit by Robert F. Downey and others against Albert Sebienske and others. From a decree for plaintiffs, defendants appeal. *Affirmed.*

*Barr & Wheeler,* for appellants.
*Johannes Kopelke,* for appellees.

MYERS, C. J.—Appellees brought this suit against appellants for possession of certain land in Lake county, Indiana, and to quiet their title thereto. The complaint was in three paragraphs. A demurrer to each paragraph was overruled. Trial and a decree for appellees, quieting their title, and a judgment for possession.

Appellants insist that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling appellants' demurrer to each paragraph of the complaint. Under these assignments of error but one question is presented for our consideration: Does the complaint contain a sufficiently definite description of the real estate to be good as against a demurrer for want of facts?

The real estate is described in the complaint as follows: The west half of lot three north of the "Indian Boundary Line," and the west half of the south half of the northwest quarter south of the "Indian Boundary Line" (excepting therefrom five acres in the southeast quarter thereof), all in section thirty-two, township thirty-seven north, range seven west, of the second principal meridian, in Lake county, Indiana, comprising the west half of the northwest fractional quarter of said section thirty-two, the west line

of which is located at a point eight and eight-tenths feet west of the northwest corner of a certain dwelling occupied by these defendants as a residence, located on said lot three.

It will be observed that two tracts of land are in question, one north of the "Indian Boundary Line," and the other south of said line. There is no objection lodged against the first description, and the complaint is conceded to be good as to that tract. As the complaint states facts entitling plaintiff to a part of the relief demanded, it must be held good as against a demurrer for want of facts. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1; *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226; *Linder* v. *Smith* (1892), 131 Ind. 147; *Shepardson* v. *Gillette* (1892), 133 Ind. 125; *Indianapolis, etc., Traction Co.* v. *Henderson* (1906), 39 Ind. App. 324.

At the beginning of the trial of this cause defendants, in open court, disclaimed any interest whatever in the land south of the "Indian Boundary Line," so that any fault in the description of this land did not concern or affect these appellants. However, in this court, appellants insist they are entitled to the benefit of the ruling of the lower court on their demurrer. Looking to their contention in this regard, we find the only defect pointed out in the description of the land south of the "Indian Boundary Line" is that the five-acre exception is not definitely described. We believe that by the aid of a surveyor the sheriff could have determined just what land in this tract was included in the judgment, and if from the description the land can be identified, it will be sufficient. In the case of *Collins* v. *Dresslar* (1892), 133 Ind. 290, it is said: "Some rules governing in the description of lands have become so well settled and generally admitted as to be regarded as legal maxims. It is a settled rule that that is sufficiently certain which can be made certain. A description of real estate is sufficient when the sheriff, with

the assistance of a surveyor, can find the real estate and determine its boundaries.''

In the case of *Cunningham* v. *McCollum* (1884), 98 Ind. 38, the court considered the case of *Brown* v. *Anderson* (1883), 90 Ind. 93, and as to what that case holds said: ''It was held that the description was sufficient, if the land could be identified by the sheriff, with the assistance of a surveyor, aided by one having knowledge of the former location of an ancient fence. Where land or a house is known by a certain name, it may be well described by that name, .as the house called 'the Black Swan,' the farm called 'White Acre,' the 'Manor of Dale,' etc.''

We firmly adhere to the rule that the complaint must describe the premises in question with such certainty that an officer may execute the order of the court and put the claimant in possession. *Reid* v. *Klein* (1894), 138 Ind. 484; *Reid* v. *Mitchell* (1884), 95 Ind. 397.

4. The complaint before us, measured by the rules herein referred to, meets this requirement, and there was no error in overruling the demurrer.

Judgment affirmed.