## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company *v.* Lamm.

[No. 8,824.   Filed March 30, 1916.]

1. Courts.—*Records.—Correction Nunc Pro Tunc.*—The minute on the court's bench docket, "instructions as given and refused filed," was a sufficient memorandum to authorize a correction of the record *nunc pro tunc* so as to affirmatively show that the instructions given and refused were filed.   p. 391.

2. Courts.—*Records.—Correction Nunc Pro Tunc.*—Though a party by mistake to his detriment had the clerk change his correct entry made from the court's minutes, he was not thereby precluded from the right to a correction *nunc pro tunc* to have the record speak the truth, in the absence of anyone having been misled. p. 391.

3. Railroads.—*Change of Grade.—Liability to Abutting Owners.*—Generally a railroad company may improve, repair, or change its roadbed, or raise or lower its grade, without liability to respond in damages to an abutting property owner, unless the change is made in a careless and negligent manner.   p. 393.

4. Pleading—*Complaint.—Theory.*—When the theory of a complaint is clearly outlined, it must be sufficient on that theory when tested by demurrer.   p. 395.

5. Appeal.—*Review.—Theory of Complaint.*—Where the predominating theory of a complaint is uncertain, the court on appeal will follow the theory adopted in the trial court.   p. 395.

6. Railroads.—*Change of Grade.—Damages from Negligent Work.—Complaint.*—Where the complaint, in an action for damages to plaintiff's property by the raising of defendant's railroad grade, alleged among other elements, that defendant built its embankment so that clay would wash therefrom onto the lawn of plaintiff, such allegation being so pleaded as to entitle plaintiff to recover therefor, and damages for such element being part of relief demanded, rendered the complaint good as against demurrer for want of facts.   p. 396.

7. Railroads.—*Change of Grade.—Liability for Damages.*—Consequential, incidental and unavoidable annoyances, not the result of negligent or careless operation of a railroad, do not constitute an actionable nuisance; nor does increased inconvenience from noise, smoke and cinders, caused by the raising of a railroad grade, not due to improper constructoin or negligent operation, afford any ground for recovery.   p. 397.

8. Appeal.—*Prejudicial Error.—Incompetent Evidence.*—Incompetent evidence on a material matter is presumed to be harmful, unless the record shows the contrary.   p. 398.

9. Railroads.—*Raising Grade.—Damages.—Evidence.*—Where the testimony of all the witnesses on the question of depreciation in

value of plaintiff's property, resulting from the raising of a railroad grade, included improper elements not separated from those which were proper, a verdict for the plaintiff could not be sustained. p. 399.

10. APPEAL.—*Review.*—*Unliquidated Damages.*—Where the damages sought to be recovered are unliquidated, the court on appeal can not sustain the judgment, in view of improper evidence on the question of damages, since to do so would be to assess the damages and is beyond the province of the court. p. 399.

11. RAILROADS.—*Construction.*—*Nuisance.*—*Damages.*—Where the nuisance from the construction of a railroad embankment, whereby clay is washed upon an abutting lawn, has been abated, the measure of damages is the diminution of the rental value of the property during the time the nuisance existed. p. 400.

From Miami Circuit Court; *Joseph N. Tillett,* Special Judge.

Action by Willis C. Lamm against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.
*Albert H. Cole,* for appellee.

MORAN, J.—Appellee, whose property abuts upon appellant's right of way, recovered judgment for damages in the sum of $500, claimed to have been suffered by reason of appellant's raising its railroad grade some twelve feet and constructing an additional track. In this appeal, which is from a judgment rendered on the verdict of a jury for the foregoing damages, appellant assigns as error the refusal of the court to grant appellant's petition to correct the record *nunc pro tunc;* the overruling of appellant's demurrer to the first and second paragraphs of complaint; and the overruling of appellant's motion for a new trial.

The order book entry does not affirmatively show that the instructions given and refused were

filed, and to cure this infirmity appellant petitioned the trial court for an entry *nunc pro tunc*. The proceedings asking for this relief are regular, they show that the instructions were in fact filed, and the minute upon the court's bench docket, viz., "Instructions as given and refused filed," is a sufficient memorandum to authorize the granting of the application for a *nunc pro tunc* entry. Ewbanks' Manual (2d ed.) §214a; *Brittenham* v. *Robinson* (1899), 22 Ind. App. 536, 54 N. E. 433; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670. The only objections urged by appellee against the granting of the relief sought by appellant for an entry *nunc pro tunc* is that appellant, through its counsel, caused the clerk to alter the entry as originally made in reference to the instructions, and that the infirmity in the record is not due to the mistake or misprision of the clerk, but due to appellant's counsel. There are instances where the litigant will be bound by an error which he invited the court to make. In the first instance, the clerk made an entry from the court's minutes, which virtually spoke the truth, and what is now being contended for by appellant; but afterwards, at the request of counsel for appellant, the same was altered by interlineation by the clerk, so as not in fact to speak the truth and to the detriment of the one suggesting the same to be made. This was not done by the sanction or authority of the court, but by a ministerial officer of the court, and evidently upon a mistaken notion of counsel as to what the entry should contain. No one was misled thereby. It is a principle of law that, "A party will be relieved against his own mistake and carelessness where no rights of third persons have intervened, but not where rights have been

lost, or money parted with, on the faith of the apparent facts, without fault of anybody, except the party seeking relief." *Gray* v. *Robinson* (1883), 90 Ind. 527. We are not impressed with the argument that, because the alteration was invited by the one now complaining, the record should not be made to speak the truth, and remain as it is. In *Security Co.* v. *Arbuckle* (1890), 123 Ind. 518, 24 N. E. 329, it was said: "It is the duty of the court to see that a correct minute is made on its order book of every step taken in any pending action." The court erred in refusing to direct the entry as prayed, and while this calls for a remanding of the cause, with directions to the lower court to instruct the clerk of the Miami Circuit Court to correct the entry *nunc pro tunc* as prayed, before proceeding further, however, the conclusion we have reached on the merits of the appeal, independent of the questions sought to be presented under the correction of the record, make it unnecessary for us to remand the cause at this time for the express purpose of correcting the record.

The complaint is in two paragraphs, the material allegations of the first paragraph being that appellant is a corporation, operating a railroad which runs in an easterly and westerly direction, through the town of Amboy, Indiana, and that appellee's lots Nos. 38, 39, a part of 42 and 43 adjoin the right of way of appellant's railroad. . On lot 43 is a frame dwelling house used by appellee as a residence. Prior to October, 1909, appellee's property was well drained, and the view to the north across the town was unobstructed, and there was a free passage of air over the premises. No dirt, dust or cinders were thrown upon the premises, except such as were emitted from the locomotive, and the premises were desirable as a residence

and of great value. In 1909, pursuant to an ordinance passed by the town board, and a contract entered into between the town board and appellant, appellant lowered the grade of the streets and raised the grade of its roadbed by an embankment of yellow clay; in front of appellee's premises the embankment is twelve feet above the former level of its roadbed and twelve feet above the level of appellee's property. The base of the embankment has been widened by the washing down of yellow clay, which is being deposited on appellee's lawn and walks, and in the constructing of the embankment no drains were provided alongside the grade and the water falling on the same is cast with great force on appellee's lots, and flows under his house and becomes stagnant and endangers the health of appellee's family. The embankment is an unsightly structure, shuts off the view to appellee's house and prevents free access of the air and light. A great amount of dirt, dust and cinders, in addition to such as are emitted from the locomotive, are thrown upon appellee's premises; and the noise and vibration caused by the passing trains have greatly increased by reason of the elevation of the tracks. Appellee's property has been damaged in the sum of $1,500 by being rendered undesirable as a residence. There is no material difference between the first and second paragraphs of the complaint. Both set forth a copy of the town ordinance and the contract entered into between appellant and the town.

It may be stated as a general proposition that a railroad company has the right to improve, repair or change its roadbed, raise or lower 3. its grade, when in its judgment to do so would increase its efficiency, without render-

ing itself liable to respond in damages to an abutting property owner, upon the theory that such improvement does not constitute an additional burden not included in the original appropriation; and is not liable unless such change is made in a careless and negligent manner. *Baltimore, etc., R. Co.* v. *Quillen* (1904), 34 Ind. App. 330, 72 N. E. 661, 107 Am. St. 183; *Pittsburgh, etc., R. Co.* v. *Atkinson* (1912), 51 Ind. App. 315, 97 N. E. 353; *Egbert* v. *Lake Shore, etc., R. Co.* (1893), 6 Ind. App. 350, 33 N. E. 659.

Pursuant to an ordinance by the town of Amboy, appellant raised its roadbed and tracks through the town, and as a part of the ordinance a contract was entered into between appellant company and the town covering the manner in which the improvement was to be made, and among other things, it is provided that appellant was to pay all damages to property, which was caused by the proposed improvement, and to have due regard for the rights of individuals and corporations affected by the improvement or change incident thereto. As aforesaid, a copy of the ordinance and contract was filed with and made a part of each paragraph of complaint. It is appellee's contention that the action was based upon the ordinance and contract and by reason thereof, his right of recovery was enlarged over and above what it would have been under the common law. On the part of appellant, it is contended that there is nothing in the contract imposing a liability on it for the alleged injuries as set forth in the complaint, and that upon this theory the demurrer should have been sustained. The relief sought by appellee in both paragraphs of complaint was for damages to his real estate by reason of the change of the railroad grade. Many elements of damage are pleaded, growing

out of and as a result of the construction of the grade or embankment built by appellant, but as to whether a recovery is sought under the ordinance and contract, or independent of the same is not clear from the allegations of the complaint. In the admission of evidence, the court excluded as an element of damage testimony as to the injury alleged to have been caused by reason of the elevation of the road and the building of the embankment itself; the obstruction of appellee's view by reason thereof; and the prevention of the free circulation of air over appellee's premises, all of which were elements alleged in the complaint from which appellee suffered injury. And further the record clearly discloses throughout the trial, that the court treated the action as based upon common-law liability, irrespective of the ordinance and contract. When the theory 4. of a complaint is apparent and clearly outlined, it must be sufficient upon that theory when tested by demurrer. *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 47 N. E. 11, 50 N. E. 476. Where, however, the predominating theory is uncertain, then the theory 5. nating theory is uncertain, then the theory adopted by the trial court, and upon which the cause proceeded will be followed in the appellate tribunal. *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 37 N. E. 737; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333, 71 N. E. 275; *Calloway* v. *Mellett* (1896), 15 Ind. App. 366, 44 N. E. 198, 57 Am. St. 238. The facts pleaded in the case at bar are such as to be susceptible of more than one construction, and might be construed as proceeding upon different theories, hence the theory placed upon the complaint by the trial court will be followed by this court.

Among the several elements of damages alleged

is the element that the embankment was built some twelve feet above the level of what it had been and of appellee's lots, and so as to slope downward in close proximity to appellee's property, and that the embankment has been widened by the washing down of yellow clay out of which it was built until it has encroached upon appellee's premises, and the yellow clay has been carried over and upon appellee's premises and deposited upon his lawn and walks, which has rendered his premises undesirable as a residence. Under the facts in each paragraph of the complaint, this allegation is so pleaded as to entitle appellee to recover therefor, and being a part of the relief demanded the complaint is good as against a demurrer for want of facts. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 25, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Sebienske* v. *Downey* (1911), 47 Ind. App. 214, 93 N. E. 1050; *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226, 40 N. E. 1072, 41 N. E. 451; *Linder* v. *Smith* (1892), 131 Ind. 147, 30 N. E. 1073; *Jessup* v. *Jessup* (1893), 7 Ind. App. 573, 34 N. E. 1017.

An unusual number of questions are presented by appellant under the error assigned on the overruling of the motion for a new trial, which relate principally to the admission of evidence and the instructions given to the jury. It is insisted that in the admission of evidence as to the injury, if any, to appellee's property, the court erroneously admitted evidence as to certain elements of damages, which should not have been taken into consideration in the class of cases to which the case at bar belongs. Three witnesses testified to the value of the property before the change of the grade and the construction of the embankment,

and likewise testified to the value after the change of the grade and the construction of the embankment. And in giving their opinions as to the value of the property after the change of the grade and the construction of the embankment the jury was told, over the objection of appellant, to take into consideration the fact, among other things, that the smoke, cinders, dust, and vibration caused by passing trains had been increased by reason of the change of the grade and the construction of the embankment. There is evidence in the record disclosing that after the improvement was made the smoke, cinders, dust and vibration caused by passing trains had increased. It is the law

7. that "consequential, incidental and unavoidable annoyance or damage resulting to the occupiers of land adjacent to a duly authorized railroad from its nonnegligent and careful operation does not constitute an actionable nuisance," and does not constitute a taking or appropriation of property without due process of law or just compensation. And inconveniences caused by the railroad being constructed past one's premises as from noise, smoke and cinders, not due to improper construction or negligence in operating the same, furnish no ground for a recovery. *Fink v. Cleveland, etc., R. Co.* (1914), 181 Ind. 539, 105 N. E. 116; *Roman Catholic Church v. Pennsylvania R. Co.* (1913), 207 Fed. 897, 125 C. C. A. 629, L. R. A. 1915 E 623; *Hanlin v. Chicago, etc., R. Co.* (1884), 61 Wis. 515, 21 N. W. 623; *Boothby v. Androscoggin, etc., R. Co.* (1862), 51 Me. 318; *Beseman v. Pennsylvania R. Co.* (1888), 50 N. J. L. 235, 13 Atl. 164.

There is no contention on the part of appellee that the inconvenience and damage by reason of the noise, smoke, cinders, dust and vibration of

passing trains were caused either by the improper construction of the embankment or by the negligent operation of appellant's railroad; hence under the authorities there can be no recovery therefor. Treating the complaint as the trial court did on the theory of common-law liability, the following elements for which a recovery was sought remain: The flooding of appellee's premises in wet weather by reason of the destruction of a natural drain in the building of the embankment, the encroachment of the enbankment on the premises, and the injury caused by the yellow clay being washed over and upon the premises. No witness testified as to the value of the premises after the change of the grade and the construction of the embankment, taking into consideration only the injury caused by the flooding of the premises with water and the encroachment of the embankment over and upon appellee's property and the washing down of the yellow clay thereon. Each witness that testified as to the value of the property before the change of the grade and the construction of the embankment testified that it was impossible to separate the elements of damage that they took into consideration in estimating the value of the property after the change of the grade and the construction of the embankment. The answer as to the value of the property after the improvement was made was responsive to the question propounded, and in the question dwells the infirmity. Incompetent

8. evidence on a material matter is presumed to be harmful, unless the record shows the contrary. *Johnson* v. *Anderson* (1896), 143 Ind. 493, 42 N. E. 815; *Brackney* v. *Fogle* (1901), 156 Ind. 535, 60 N. E. 303.

The record discloses that appellee suffered damages by reason of the washing down of the yellow clay from the embankment over and upon 9. appellee's lot and under his house, and which gave forth an offensive odor. The witnesses being unable, however, to separate the amount of depreciation in value of the premises as to the elements for which a recovery could be had, it was, of course, impossible from this class of evidence for the jury to do so. In passing, it might be well to record the value that Elliott, J., placed upon opinion evidence as a means of estimating benefits and damages to real estate: "It is impossible to conceive that juries or courts can justly estimate benefits and damages without the aid of opinions of values from competent witnesses, unless, indeed, it be assumed that courts and juries have knowledge of the values of all kinds of property. If this assumption were just, then no doubt, all that would be needed would be an accurate description of the property; but every one knows that in the very great majority of cases neither courts nor juries possess such knowledge as would enable them, unaided by opinions, to affix just values to property." *Yost* v. *Conroy* (1884), 92 Ind. 464, 47 Am. Rep. 156. The damages sought to be recovered are unliquidated, and an 10. affirmance of the judgment under the circumstances would virtually mean an assessment of the damages by this court, which is not within our province. *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 81 N. E. 492; *Indianapolis, etc., R. Co.* v. *Hill* (1909), 172 Ind. 402, 86 N. E. 414.

Further, it is insisted that the record discloses that appellant sodded the banks of the grade so as

to abate the nuisance. If the nuisance has been abated, then the diminution of the rental value of the property during the time the nuisance existed would be the proper measure of appellee's damages. It was held in the case of *Watts* v. *Norfolk, etc., R. Co.* (1894), 39 W. Va. 196, 19 S. E. 521, 45 Am. St. 894, 23 L. R. A. 674, the court adopting the language of a former decision, "where the cause of the injury is in its nature permanent, and a recovery for such injury would confer a license on the defendant to continue the cause, the entire damage may be recovered in a single action." And in the case of *Cleveland, etc., R. Co.* v. *King* (1900), 23 Ind. App. 573, 55 N. E. 875, it was said,. "Where the wrong constituting the nuisance is not permanent, but may be discontinued, the measure of damages is not the depreciation in value of the property." The nature of the question thus far disposed of and the conclusion reached makes it unnecessary to determine whether the injury for which a recovery was sought was of a temporary or permanent character, as the infirmity of the record contended for in this respect is not likely to occur on a retrial of the cause.

Judgment reversed and cause remanded to the lower court with instructions to correct the record *nunc pro tunc* as prayed for, and to grant appellant a new trial; and for further proceedings consistent with this opinion.

NOTE.—Reported in 112 N. E. 45. As to power of court to make *nunc pro tunc* entries, see 4 Am. St. 828. As to liability of railroad company to abutting owner for damages from change of grade of highway necessary to carry it across tracks, see 26 L. R. A. (N. S.) 226. See, also, under (1) 11 Cyc 764, 765; (2) 11 Cyc 764; (3) 33 Cyc 355; (4) 31 Cyc 116; (5) 3 C. J. 725; 2 Cyc 672; (6) 33 Cyc 368; (7) 33 Cyc 353; (8) 4 C. J. 912; 3 Cyc 368; (9) 33 Cyc 372, 373, 376; (10) 4 C. J. 1139; 3 Cyc 436, 439; (11) 29 Cyc 1274.