CITY OF PRINCETON ET AL. *v.* WILLIAMS ET AL.

[No. 23,218.   Filed October 26, 1920.   Rehearing denied March 16, 1921.]

1. APPEAL.—*Briefs.—Time for Filing.—When Time Begins to Run Under Order of Court.—Statute.—Rules of Court.*—Within the terms of §693 Burns 1914, Acts 1885 p. 219, providing that an appeal taken in term shall be regarded as submitted for decision within thirty days after the appeal is perfected, "unless otherwise ordered by the court," the clerk of the Supreme Court having at a date subsequent to the expiration of such thirty-day period noted the submission as of that date, and, based thereon, mailed notices to the parties of the submission, as required by Rule 18 of the Supreme Court, submission will be deemed ordered by the court, acting through its clerk, as of the date of this entry, and appellant's brief filed within sixty days thereafter sufficiently complies with Rule 21, requiring appellant's brief to be filed within sixty days after submission. p. 284.

2. PLEADING.—*Complaint.—Sufficiency.*—A petition or complaint must be held sufficient as against demurrer if it states a cause of action for any part of the relief sought. p. 285.

City of Princeton *v.* Williams—190 Ind. 281.

3. DRAINS.—*Establishment.*—*Petition for Construction.*—*Juris-diction.*—*Petition Good as to Part of Drain.*—Where a substantial part of a drain petitioned for under §6141 Burns 1914, Acts 1907 p. 508, by a city and at least one of the farm owners, is an open ditch extending several miles across farm lands, from the edge of the city to an existing water course, the circuit court has jurisdiction to pass upon the proceeding, and a motion to dismiss should be overruled. p. 285.

4. APPEAL.—*Rehearing.*—*Scope of Review.*—A rehearing will not be granted to permit a question to be raised, argued and decided which was not presented for decision nor suggested by counsel at the original hearing. p. 289.

From Gibson Circuit Court; *S. L. Vandeveer,* Judge.

Petition by the city of Princeton and others for the construction of a public drain was dismissed on motion of Henry Williams and others, and the city appeals. *Reversed.*

*Henry Kister, Harvey Harmon* and *Doris R. Head,* for appellants.

*O. M. Welborn, Embree & Embree, W. D. Robinson* and *W. E. Stilwell,* for appellees.

EWBANK, J.—The city of Princeton and twelve individuals filed in the circuit court a petition for the construction of a public drain, alleging that one of the individual petitioners owned ten acres of land, described as being 771 feet long from north to south, and 565 feet wide from east to west, in the northeast corner of a certain quarter section, and that each of the other individual petitioners owned a city lot in Princeton; that twenty-one other tracts described as being parts of certain quarter sections were owned by individual owners or groups of owners; that about 200 other individuals and corporations, as set out, each owned one or more designated city lots in Princeton; that Patoka township had certain highways and the city of Princeton certain streets and parks, all of which would be affected by the proposed drainage asked for; and that such drainage

could be best accomplished by constructing an open ditch from a point named in a certain section, thence in a southerly and southwesterly direction through four certain sections of land to the beginning of a certain existing public drain, previously established; and also by the construction of *"a covered lateral drain or sewer"* upon a designated route commencing in a street in the city of Princeton, and thence in and along four named streets and alleys, "to the main ditch above described"; and also by the construction of "a *covered* branch *drain or sewer"* upon a designated route from the intersection of the curb lines of two named streets in the city of Princeton, 790 feet "to the lateral above described"; also of "a *covered* branch *drain or sewer"* from a point two feet from the intersection of the curb lines of two other named streets in said city, 380 feet to said lateral, and of another *"covered* branch *drain or sewer"* of like description, length and outlet, but upon a different city street; "also by the construction of such other laterals or branch drains as may be deemed necessary  *   *   * to properly drain said lands and said streets, park and public grounds in said southeast part of said city of Princeton. The main ditch shall be an open ditch *   *   * (covered across the railroad right of way) *   *   *. The laterals above described with branch drains shall be *covered drains or sewers,* provided with proper *inlets and catch basins* at street intersections." (Our italics.) The statutory averments of the public utility of the proposed drain, its benefit to public health, and its value in excess of costs, damages and expense of construction, were also made.

The twenty-three appellees each separately made an oral motion "to dismiss the petition herein, and this proceeding for want of jurisdiction of this court of the subject-matter thereof," which motions were by the court sustained, and the court adjudged "that the peti-

tion and this proceeding be and the same is now dismissed, and that the remonstrators herein recover of and from the petitioners their costs." The appellant duly saved an exception to said ruling of the court.

The city of Princeton prayed an appeal, which was granted "without said city-giving bond," on December 19, 1916. The transcript and assignment of errors were filed in this court on February 16, 1917, less than sixty days thereafter. A notice was issued on that date, which seems to have been duly served later. And on April 2, 1917, the clerk of this court noted the submission of the cause as of that date. Appellant's brief was filed on May 31, 1917, less than sixty days after the noting of such submission, but much more than sixty days after the date when Acts 1885 p. 219 §693 Burns 1914, provides that an appeal in term "shall be regarded as submitted for decision * * * unless otherwise ordered by the court."

The appellees have filed a motion to dismiss this appeal, pointing out that, since it was perfected as a term appeal by only one. of several judgment defendants, who did not name in the assignment of errors, nor serve with notice, any of the numerous coparties to the judgment, it should have been "regarded as submitted" at the expiration of thirty days after February 15, 1917, when the appeal reached this court; and that Rule 21 of this court commends that appellant's brief be filed within sixty days "after submission," under penalty of a dismissal of the appeal. But where the cause was noted by the clerk as submitted on April 2, instead of March 18, and the clerk mailed notices to the parties of such submission on the later date, as required by Rule 18, appellant cannot be deemed to be in default if its brief was filed within sixty days from that time. This must be deemed a case where the cause was not submitted at the expiration of thirty days from the date of perfect-

ing the appeal, because the court, acting through its clerk, "otherwise ordered."

No question is suggested or discussed by counsel as to whether all parties to the judgment below have been properly brought before this court, and we decide nothing upon that question, but shall assume that they have been.  The motion of appellees to dismiss the appeal is overruled.

The sole question which arises upon the merits of the appeal is whether the petition of the city of Princeton and others, as above set out, undertook to present a cause of action in relation to a subject-matter of which the circuit court had jurisdiction to take any action at the suit of these petitioners, for the purpose of granting any relief whatever.  It has been many times decided that, even when a petition or complaint is tested by a demurrer, it must be held sufficient if it states a cause of action for any part of the relief asked, or, indeed, for any relief whatever.  *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1913), 179 Ind. 322, 329, 100 N. E. 65; *Pittsburgh, etc., R. Co.* v. *Lamm* (1916), 61 Ind. App. 389, 396, 112 N. E. 45.

A complaint challenged by a mere motion, as not stating facts concerning which the court has jurisdiction to take any action at all on being invoked by the petitioners or plaintiffs, cannot be judged by a test more severe than would be applied if it were merely challenged by a demurrer.  Even though a demurrer should be sustained, the petitioners might amend and allege all necessary additional facts to make out a cause of action, provided only that such further facts be true and can be proved.  And upon the amended complaint or petition they might proceed to trial and judgment.  But sustaining a motion to dismiss the action cuts off all right of amendment and ends the case. The rule by which the sufficiency of a complaint to in-

voke the jurisdiction of the court is determined should therefore be less severe (if any difference) than the rule applied in determining the sufficiency of the alleged facts to constitute a cause of action. If the petition in this case had been challenged by a demurrer, the question thereby presented would have been whether, upon the facts stated, the appellant, with the other petitioners, was entitled to a hearing upon the question of constructing any portion of the drain asked for, whether the open ditch from the edge of the city down across several miles of farm land, or any other part of it. And if the court should have concluded that the open drain in the country was properly petitioned for, by persons who had the legal qualifications, it must necessarily have overruled the demurrer. In like manner, if it shall appear that the circuit court, upon the petition of the city of Princeton and others, had jurisdiction to entertain a proceeding for the construction of a substantial part of the proposed drain, then it must be adjudged that this action was improperly dismissed.

A substantial part of the proposed drainage was to be an open ditch, extending for several miles across farm lands, from the edge of the city to an existing watercourse. The petition was signed by an incorporated city, and at least one owner of lands which are not described as city lots. It alleged that the city had certain streets and a park that would be affected, and that the public health would be improved by said drainage, and it would be of public utility, and confer benefits on the property described in the petition in excess of the costs, damages and expense, and that with certain designated exceptions "no part of said lands (to be affected) lie within the corporate limits of any incorporated town or city."

We think it is clear that upon presentation of such a petition so signed the circuit court obtained and there-

after had jurisdiction of such proceeding as a proceeding to construct the open ditch down through the farms, at least, if the drainage commissioners should decide that such part of the proposed improvement ought to be constructed. Acts 1907 p. 508, §2, §6141 Burns 1914.

And if the court had jurisdiction to pass on the question of constructing such a substantial part of the proposed drain as an open ditch extending across four sections of farm lands, from the edge of the petitioning city to an outlet, the proceeding was not subject to be dismissed merely because (if it did) the petition also may have asked for something more which the court could not grant in such a proceeding.

It may be assumed for the purposes of this case, without so deciding, that in a proceeding under the act for constructing farm drains the circuit court cannot build sewers in city streets. The act concerning drainage (Acts 1907 p. 508, *supra*) only authorizes the commissioners to lay out and the court to order the construction of an open ditch or a tile drain, or one that is partly tiled and partly open. Acts 1907 p. 508, §§3, 4, §§6142, 6143 Burns 1914. And it contains no provisions for laying out a system of city sewers, or determining the plan upon which or the materials out-of which they shall be constructed.

But there is a statute which expressly provides that upon the filing of a proper petition by a city the circuit court may order the construction of a sewer within the city and extending beyond its corporate limits, which, when completed, will beneficially or injuriously affect lands or property outside of the city. Acts 1909 p. 238, §8729 Burns 1914.

No defect in this statute has been pointed out to us, and, while we would not be understood to decide a question which was not argued at the bar, the decision of

which is not essential to the decision of this appeal, we do not now perceive any lack of jurisdiction of the circuit court, acting under this statute, to construct city sewers and farm ditches in the same proceeding, when properly petitioned by the city. The city board of public works—or the city council where it acts as such board—must have taken certain action before a petition to the circuit court for the construction of sewers under the statute last cited is presented, as set out in said statute. But assuming, without deciding, that the petition by the city, under that statute, ought to show that such action by the board of public works was taken, the omission so to state in the petition is a defect which may be amended. And the insufficiency of the petition in any particular in which it could be amended would not be cause for dismissing the action. This statute also requires a prescribed notice to be given after the petition is filed and adopted before the court proceeds to judgment. But any defects of procedure, even though sufficient, unless cured, to deprive the court of the right to enter a final judgment, would not be cause for dismissing the action and cutting off the right of amendment.

But, whether or not the statute last-cited really confers the power it purports to grant, the circuit court clearly had jurisdiction in this case to pass upon a petition for the construction of an open ditch through the farm lands outside the city, and such jurisdiction was sufficiently invoked by the petition filed by the city and said landowner, alleging its need for drainage of its streets and the need of his land for drainage. And a motion to dismiss for lack of jurisdiction was not well taken where the court had jurisdiction to grant any part of the relief sought.

The judgment of the circuit court is reversed, and the cause is remanded, with directions to overrule the

motion of the appellees to dismiss the action, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

EWBANK, J.—The record recites that each of the appellees moved the circuit court to dismiss the petition for drainage filed by appellant and others, and the drainage proceeding "for want of jurisdiction of the court of the subject-matter thereof," and that the court "now sustains each of said motions."

Each party filed a brief on appellees' motion to dismiss the appeal. But the briefs of both parties, on the merits, were confined entirely and solely to a discussion of the question whether the trial court really had jurisdiction. All of the points, all of the authorities cited in support of them, and all of the arguments advanced related to that question only. Being convinced that the court had jurisdiction, this court so decided and reversed the judgment of dismissal. The appellee has filed a petition for rehearing, with a brief which, aside from asserting in general terms that the trial court did not have jurisdiction, relates wholly to a point that was not suggested at the original hearing, based on the fact that the city is the sole appellant.

Appellees' original brief did not suggest that the failure of others to join in this appeal should or could have any influence upon the decision of this court as to whether or not the trial court had jurisdiction, which was the only question discussed. A rehearing will not be granted to permit a question to be raised, argued, and decided, which was not presented for decision nor even suggested by counsel at the original hearing.

The petition of appellees for a rehearing is overruled.

Townsend, J., absent.