## BRITTENHAM *v.* ROBINSON ET AL.

[No. 2,850.    Filed June 16, 1899.]

JUDGMENTS.—*Correction.*—*Replevin.*—A judgment in replevin may be corrected on motion by supplying the alternative portion thereof fixing the value of the property which was omitted by the clerk in entering same, where the memoranda of the court on the original trial fixed the value of the property, and authorized the entry of judgment in the form as corrected. *pp. 536-539.*

SAME.—*Correction.*—*Delay.*—The delay of plaintiff for two years in making an application for the correction of a judgment was not ground for denying the same, where the application was made as soon as the omission was discovered. *p. 539.*

From the Wells Circuit Court.    *Affirmed.*

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellant.

*A. L. Sharp* and *C. E. Sturgis,* for appellees.

BLACK, J.—The appellees, by their verified motion filed on the 25th of February, 1898, sought the correction of a judgment which they had recovered on the 2nd day of March, 1896, in the court below, against the appellant, in an action of replevin wherein the appellees were the plaintiffs and the appellant was the defendant. At the hearing the

court sustained the motion, and ordered the entry *nunc pro tunc* of the judgment corrected as asked in the motion.

On this appeal the record of the proceeding for the correction of the judgment is brought before us. The judgment was originally entered as follows: "It is therefore ordered, adjudged, and decreed by the court, that the plaintiffs recover of the defendant the personal property mentioned in plaintiffs' complaint and affidavit in replevin, to wit [Here followed a particular description of the property concerning which no question is involved on this appeal], and that defendant unlawfully detains the same. It is further adjudged by the court that the plaintiffs recover of the defendant their costs herein expended." On the hearing, the court ordered the entry of judgment *nunc pro tunc* as follows: "It is therefore ordered, adjudged, and decreed by the court that the plaintiffs recover of the defendant the property described in the complaint, to wit [Describing the property as in the original entry of the judgment]; that said property is of the value of $280, and that the defendant unlawfully detains the same from the plaintiffs. It is further considered and adjudged by the court that, upon the failure of the defendant to deliver up to the plaintiffs said property, the plaintiffs recover of the defendant said sum of $280, with six per cent. interest thereon per annum. It is further considered and adjudged by the court that the plaintiffs recover of the defendant their costs and charges in this behalf paid out and expended."

It was claimed in the motion and found by the court that the judgment as originally entered was erroneously entered by the clerk on account of his oversight, mistake, and omission. It was stated in the motion and proved on the hearing thereof that in the court docket of the term at which said action of replevin was tried, and the judgment in question was rendered, were the following notes of the court: "3 Wed. Sub. to Court. Ev. heard. Cause taken under advisement." "5 Mon. Find. and Judg. that plaintiffs are

entitled to the possession of the property described in the complaint, and that the property is of the value of $280. Ex. by Deft." It was shown by affidavits on the hearing that the attorneys representing the appellees in the making of this motion were their attorneys in the trial of the action of replevin and upon an appeal in the cause taken by the appellant herein to this court, and that these attorneys prepared the brief for the appellees on said appeal, wherein no question was made as to the form of the judgment; and in the affidavit of one of said attorneys it was said that they did not discover the defective entering of the judgment until the 24th of February, 1898.

Here there was no question as to whether or not a judgment was rendered. If there were such a question, because of the want of an entry by the clerk of a judgment in any form whatever, there can be no doubt that the memoranda of the court upon its docket would have been sufficient to establish the fact that a judgment was rendered. And we think that such memoranda, at least in connection with the judgment which the clerk entered therefrom, authorized the entry of a judgment in the form in which the court in this proceeding directed the entry *nunc pro tunc.*

The action was for the recovery of the possession of personal property. It sufficiently appeared, from the judgment as originally entered, with the memoranda of the court, that the property was unlawfully detained by the defendant, that its recovery by the plaintiffs was adjudged, and that it was of the value of $280.

The statute provides that in an action of replevin "judgment for the plaintiff may be for the delivery of the property, or for the value thereof in case a delivery cannot be had, and damages for the detention. When the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return cannot be had, and damages for the taking and withholding of the property."

Section 581 Burns 1894, section 572 Horner 1897. It is also provided that in such actions "the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property." Section 558 Burns 1894, section 549 Horner 1897. In *Van Gundy* v. *Carrigan*, 4 Ind. App. 333, it was said that, under these provisions, it is necessary for the court or jury to find the value of the property only in cases "where there will be a judgment for the recovery or return of the property," or "for the delivery of the property or the value thereof in case a delivery cannot be had," or for the value of the property where there is a judgment for the return and that cannot be had.

The memoranda of the court constituted sufficient direction to the clerk in recording the judgment to enter the portions which were supplied *nunc pro tunc*, and the omission of these portions should be regarded as clerical. It was needed that these omitted portions be supplied, in order to express the judgment actually rendered, of which there was sufficient competent evidence. The delay of the appellees in making the application, and their inadvertent failure to discover the omissions sooner, did not furnish good ground for denying the amendment of the record so as to make it speak the truth fully and in such form as to subserve the purposes of justice. Judgment affirmed.