STATE, EX REL. LAWLER, *v.* GRIFFITH, JUDGE.

[No. 23,531.   Filed March 14, 1919.]

EXCEPTIONS, BILL OF. — *Settlement.* — *Filing.* — *Nunc Pro Tunc Entry.*—Where the trial court, at the time of the overruling of a motion for new trial, failed to make an order-book entry showing that time was given the defendant to file a bill of exceptions, after the end of the term the only method of correcting the omission, so as to make a bill of exceptions filed after the term a part of the record, was by a motion for a *nunc pro tunc* entry.

Original action by the State of Indiana, on the relation of Cora Lawler, to mandate Francis M. Griffith, as judge of the Jefferson Circuit Court, to sign a bill of exceptions containing the evidence in a case wherein Solomon J. Bear, as receiver of the People's Trust Company, was plaintiff, and the relatrix and others were defendants. *Demurrer to complaint sustained.*

*A. J. Shelby* and *Ira M. Sharp,* for relatrix.
*Sulzer & Bear,* for defendant.

LAIRY, J.—This is an original action in this court by relatrix against Francis M. Griffith, as judge of the Jefferson Circuit Court, to compel him by mandate as such judge to sign a bill of exceptions containing the evidence in the case of Solomon J. Bear, Receiver of the People's Trust Company v. Cora Lawler et al., to be used in presenting the evidence in that case on appeal.

The verified complaint filed in this court shows that the case of Solomon J. Bear, Receiver, v. Lawler was

pending in the Jefferson Circuit Court at the January term, 1918, and that on the thirty-fifth day of that term the case came on for hearing before defendant, as sole judge of that court on issues of fact formed by the pleadings, and that the court, after hearing and considering the evidence, on the following day entered its finding and decree in favor of the plaintiff as receiver. The complaint further alleges that, within thirty days after such decision, relatrix filed her motion for a new trial on the ground that said decision was contrary to law and that it was not sustained by the evidence, and that this motion was argued orally, and the consideration of the motion was taken under advisement by the court, and that on April 15, 1918, said motion was by the court overruled and an exception given.

The complaint further alleges that: "At the conclusion of the argument for a new trial on said 9th day of April, 1918, and at the time said Judge announced that he would take said motion for a new trial under advisement he was then requested by one of the attorneys for the said Cora Lawler in open court that in case the said motion for new trial should be overruled that the proper exceptions should be entered to such ruling, and that time be given to file a bill of exceptions and to put the record in proper shape for appeal of said cause to which said Judge replied that he would not close the door against an appeal; that on said 15th day of April, 1918, the said Judge proceeded to and did overrule said motion in the absence of the attorneys for the said Cora Lawler and without having notified them or either of them that he was intending to make such ruling; that said Judge at the time of making said ruling failed to enter upon the court's docket any entry showing that time was granted said Cora Lawler in which to settle and file her bill of exceptions, which fact was not ascertained or known by the said Cora Lawler or any

of her attorneys until after the close of the March Term, 1918, of said court; that on the 30th day of April, 1918, the attention of said court was called to the fact that the record of said cause failed to show that time had been granted in which to file such bill of exceptions and said court thereupon directed the clerk of said court to insert in the record of said cause immediately following the entry showing the overruling of said motion for a new trial and exceptions thereto a statement as follows: "And 30 days' time is given to the defendant, Cora Lawler in which to file her Bill of Exceptions;' that the said clerk did thereupon write said statement in the record of said cause."

It thus appears that the order-book entry as made at the time the motion for a new trial was overruled does not show that time beyond the term was granted within which to file a bill of exceptions, and that after the expiration of the term the clerk on direction of the judge changed the entry so as to show the granting of such time.   When the motion for a new trial was overruled, the case was finally terminated in the trial court, but the court retained jurisdiction of the case and parties during the term.   Until the close of the term, the proceedings were *in fieri* and the court had power to make its records speak the truth.   After the expiration of the term, however, the proceedings were no longer *in fieri*, and the court had power to change its record only upon evidence in support of a motion for a *nunc pro tunc* entry and after notice to the parties to be affected. *Schoonover* v. *Reed* (1879), 65 Ind. 313.   In the case cited the entry showing the overruling of the motion for a new trial did not show that time beyond the term was granted in which to file a bill of exceptions, but the bill of exceptions filed after the term stated that such time was allowed by the court at the time of the ruling on the motion for a new trial.   In that case the court said:

"The grant of leave therefore, to file the bill, should appear upon the record made at the time of the grant; and, where it does not so appear, a *nunc pro tunc* entry of such grant of leave can only be made, as we have seen, upon competent evidence that it was given in term by the court, and omitted to be entered of record. But if the judge, sixty or any other number of days after the expiration of the term, can insert, of his own volition, a binding statement that such leave was given, then he can, in effect, supply *nunc pro tunc* entries after the proceedings have ceased to be *in fieri*, without proof of any kind, which we have seen he cannot do."

Under the showing made by the complaint the judge properly declined to sign the bill of exceptions presented, and he cannot be compelled by mandate to do so. The demurrer of the defendant to the complaint is sustained.

NOTE.—Reported in 122 N. E. 417.