NEUENSCHWANDER *v.* STATE OF INDIANA.

[No. 25,258. Filed May 16, 1928.]

*Fred A. Wiecking, Abram Simmons, Charles G. Dailey* and *Virgil Simmons,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, J.—In this case, the appellant was charged by an affidavit in three counts with petit larceny, burglary in the second degree and burglary. The counts charging burglary in the second degree and burglary were dismissed. He was tried by a jury for petit larceny and found guilty. The court rendered judgment of fine and imprisonment on the verdict.

On appeal, it is. first assigned as error that the court erred in overruling the motion for a new trial. As the record was made at the time of trial and later filed in this court, it did not appear from the order-book entry that the appellant was arraigned and entered a plea, or that any plea was entered for him by the court. After the cause had reached this court, the prosecuting attorney filed in the lower court a motion for a *nunc pro tunc* entry to show that the defendant appeared in open court, waived arraignment and entered a plea of not guilty. Notice was served on the defendant and a hearing was had on the motion, which the court sustained and granted. Thereafter, the appellant filed here a transcript of the proceedings on said motion. On his petition, this trans-

cript was consolidated with and made a part of the original cause. After taking this step, the appellant claims and relies upon additional errors for reversal as follows: (1) The court erred in entering the order and judgment *nunc pro tunc.* (2) The court erred in entering the order and judgment *nunc pro tunc,* changing the order-book entry, so that it shows that the appellant waived an arraignment and entered a plea of not guilty on April 19, 1926. (3) The court erred in entering the order and judgment *nunc pro tunc,* changing the order-book entry made on April 19, 1926. (4) The court had no jurisdiction over the person of the appellant to enter the order and judgment *nunc pro tunc* made in this cause.

If the judgment as entered on the verdict, as shown by the first transcript, is to control then the judgment of the circuit court should be reversed. But if the judgment entered *nunc pro tunc* controls, then the judgment of the lower court must be affirmed. The motion filed by the prosecuting attorney for the *nunc pro tunc* entry, omitting the formal parts, was as follows: "Comes now the State of Indiana, by Elmore S. Sturgis, Prosecuting Attorney, and asks the court that a *nunc pro tunc* entry be made in said cause in order that the record may show that the defendant Everett Neuenschwander appeared in open court, waived arraignment and entered a plea of not guilty in said cause on the 19th day of April, 1926, which step in fact was taken and is shown by the entry of the court in its docket, in the above entitled cause on said date, being the 7th day of the April term of said court, in the words as follows: 'Deft. Neuenschwander appeared in open court, waived arraignment and entered a plea of not guilty.' That although said entry was made as aforesaid by the court, no entry of said fact was made in the order-book of said court in the office of the clerk of said court, either on the 19th day of April,

1926, as shown by the criminal order-book 1 page 113 of the records of said court in the office of said clerk, or at any other date."

The general rule is that a *nunc pro tunc* entry may be made whenever there is any memorandum, note or other memorial found among the records of the case, ▮ required by law to be kept, showing action taken or rulings or orders made by the court which the clerk has failed to record. 2 Watson, Rev. of Works' Practice §2401. The minutes kept by the judge of the court, made at the time, are sufficient foundation, upon which to make a *nunc pro tunc* entry when they show what the record should contain. *Brittenham* v. *Robinson* (1899), 22 Ind. App. 536, 54 N. E. 133; *Pittsburgh, etc., R. Co.* v. *Lamm* (1916), 61 Ind. App. 389, 112 N. E. 45; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670; Ewbank, Manual of Practice (2d ed.) §214a. After the expiration of the term, the court has power to change its record upon evidence consisting of the minutes kept and made by the judge and parol evidence in support of the motion for a *nunc pro tunc* entry and after notice to the party to be affected. *Schoonover* v. *Reed* (1879), 65 Ind. 313; *State, ex rel.,* v. *Griffith, Judge* (1919), 188 Ind. 167, 122 N. E. 417. The fact that an appeal had been taken does not deprive the lower court of power to amend its record. 15 C. J. 977, §396. Proper notice of the hearing on the motion was served on the appellant and the court had jurisdiction to hear same. It is admitted by the appellant that, in this cause, in the minutes of the court in the court docket, the following, in the handwriting of the judge, appears: "Deft. Neuenschwander appeared in open court, waived arraignment, and entered a plea of not guilty." The part of same after the defendant's name was an interlineation. It is appellant's contention that this entry was not made on

April 19, 1926; and that is the question now for determination.

At the hearing on this motion, the trial judge, who was hearing same, was sworn and testified as a witness. The appellant contends with much earnestness that public policy should not permit the judge to testify orally and to base his finding on his own oral testimony. No objection was made by appellant in the lower court to the testimony of the judge for the reason that he was that official. And no objection was made to the introduction in evidence of part of the original docket sheet containing the court's minutes in the instant case, on the ground that the identification of same had been made by the judge. Part of this criminal docket sheet appearing in evidence, without any valid objection to its introduction, reads as follows: "4-19-26-7. Motion in writing by pros.-atty. to dismiss 2nd and 3 counts of affidavit filed. Sustained. Deft. Neuenschwander appeared in open court, waived arraignment & entered a plea of not guilty. Jury sworn to answer questions. Jury sworn to try cause. Opening statement of counsel heard for State, Evidence begun."

The record presented does not require that it be decided whether the trial judge was a competent witness. And it is not necessary that his testimony be considered in order to arrive at a decision, so his evidence can and will be disregarded. The prosecuting attorney was a witness for the state, in rebuttal, and testified as follows: "I recall being in the court room of the Wells Circuit Court, on the 19th day of April, 1926, when the case of the *State of Indiana* v. *Everett Neuenschwander* was tried. I recall of having stepped to the bar of the court and dismissed the second and third counts of the affidavit in that case and that immediately after, proceeding that step, then the court spoke to Mr. Wiecking, attorney for the defendant Neuenschwander, and asked him in

substance as to whether or not the court's minutes should show the defendant Neuenschwander appeared in open court, waived arraignment and entered a plea of not guilty, to which question Mr. Wiecking answered that the minutes should so state; that the court made some entry on his minutes, the substance of which I did not see. . . . My recollection is that the jury was in. Aside from that, I don't recall the particular time, but I think the jury were in the room." From this testimony it may be inferred that the entry made at that particular time was the entry in question.

While the evidence will not be weighed, it may be noted, in connection with the testimony of the prosecuting attorney, that the principal attorney for the defendant, Fred A. Wiecking, as a witness in surrebuttal, did not deny the testimony of the prosecuting attorney, but only said he did not have any recollection about same.

There was sufficient competent evidence to sustain the decision of the court that the motion for the *nunc pro tunc* entry should be granted. Other questions raised in the motion for a new trial by appellant are not presented. The appellant has not shown any reversible error.

The judgment is affirmed.