## REITZEL ET AL. *v.* CAMPBELL.

[No. 14,902. Filed December 17, 1936. Rehearing denied June 16, 1937. Transfer denied September 23, 1937.]

*Otis E. Gulley, George W. Hadley,* and *Slaymaker, Merrell & Locke,* for appellants.

*Clark & Kahl,* and *White & Jones,* for appellees.

LAYMON, J.—On December 19, 1933, appellee filed a motion to dismiss this appeal. In disposing of this motion the court deems it advisable to set out in detail so much of the record as may, in any manner, affect the merits of this motion.

The transcript, filed in this court on January 16, 1933, discloses that on September 20, 1932, during the September term, the parties appeared by counsel in the Hendricks Circuit Court at which time the court overruled defendants' (appellants') motion for a new trial, rendering judgment on a verdict against appellants, from which this appeal is taken. That at that time, in open court, appellants prayed and were granted an appeal to this court. The appeal bond was fixed at $5,000, with the Fidelity and Deposit Company of Maryland as surety, to be filed within sixty days, which bond, to-

gether with the surety thereon, was approved by the court. That within the time allowed by the court and during the November term of the Hendricks Circuit Court, the appellants filed their appeal bond, which, copied in the transcript, bears this endorsement: "Approved Nov. 18, 1932, A. J. Stevenson Judge."

On December 19, 1933, appellee filed in this court a petition with notice and acknowledgement of service, asking that a *writ of certiorari* be issued to the clerk of Hendricks Circuit Court "ordering the clerk of said court to make out and certify to this court a true and correct copy of the said order book entry in this cause, as now entered on the records of the said Hendricks Circuit Court on the 20th day of September, 1932, being the 14th Judicial Day of the September term, 1932," and alleging therein, in substance, that the transcript in this cause at page 101, beginning at line 17 and continuing to page 102 of said record at line 6, is incorrect and erroneous, in that it discloses that the Fidelity and Deposit Company of Maryland was named as the surety on appellants' appeal bond herein on the 20th day of September, 1932, being the 14th Judicial Day of September term, 1932, of the said Hendricks Circuit Court and that said Fidelity and Deposit Company of Maryland, as surety thereon, was approved by the court on the said 20th day of September, 1932, when, in truth and in fact, the Hendricks Circuit Court did not at any time during the said September term, 1932, of said court, name and approve the Fidelity and Deposit Company of Maryland as surety on the appeal bond of appellants' herein; that the name of the Fidelity and Deposit Company of Maryland was inserted in the order book of said court by the clerk thereof after the expiration of the September term, 1932, of said court; and that the order book entry of said Hendricks Circuit Court, together with the transcript of said cause in this court, should

disclose a blank space wherever and whenever the name of said Fidelity and Deposit Company of Maryland now appears.

On November 25, 1933, the appellee filed her motion in the Hendricks Circuit Court, asking that court to correct its record by the entry *nunc pro tunc,* by striking from the entry in the order book the name Fidelity and Deposit Company of Maryland—the name of the surety on appellants' bond—and that said record contain a blank space. Appellee alleged in this petition that at the time the motion for a new trial was overruled, an appeal was then prayed by appellants and that the bench docket of the judge did not show that the surety on the appeal bond was named, but was left blank thereon, and that the judge of the court below did *not,* during the term at which the motion was overruled, or afterward, name and approve the Fidelity and Deposit Company of Maryland as surety on the appeal bond of the appellants. That on November 22, 1933, and after the expiration of the term of the court at which the appeal here was prayed, which term ended October·29, 1932, the court below had not named the Fidelity and Deposit Company of Maryland as surety on the appeal bond; that the court below did not at any time during the term name any surety on the appeal bond and did not, at any time at all, name and approve the Fidelity and Deposit Company of Maryland as surety; that the order book entry made by the clerk of the Hendricks Circuit Court was entered by the said clerk, with a blank space left for the name of the surety on the appeal bond, and that the clerk of the court below, after the expiration of the term at which the judgment was entered and the appeal prayed, did wrongfully and without legal right and without the approval of the judge, enter on the record of this cause the name of the Fidelity and Deposit Company of Maryland as surety on

the appeal bond; that the insertion of the name of the Fidelity and Deposit Company of Maryland in the order book is without force and effect and that such entry was without the order of the court below. Due notice of this motion was served upon appellants, and the appellants filed their motion in writing to dismiss the petition for the entry *nunc pro tunc,* which motion of appellants was overruled. The appellants filed their answer, and the court, after having heard the evidence on December 9, 1933, found for the appellee and found that the record of the court below should be corrected so that order book 81, page 546 of the Hendricks Circuit Court should read as follows.

> *"Come now again the parties, by counsel, and the court having examined the defendants' motion for a new trial, heretofore filed, and being sufficiently advised in its premises, now overrules the same, to which ruling of the court each of the defendants, John Reitzel and Edgar Reitzel, separately and severally excepts.*
>
> *"And now each of the defendants, John Reitzel and Edgar Reitzel, prays an appeal to the Appellate Court of Indiana. And the court being duly advised, now grants said appeal, and bond is fixed at $5,000.00, with* ———————————— *as surety thereon, which surety the court now approves and sixty days are given in which to file bond and bill of exceptions."* (Our italics.)

To this ruling and judgment the appellants at the time duly excepted and were given ten days in which to file all bills of exception.

On December 21, 1933, the appellants filed in this court their petition for a *writ of certiorari* directing and commanding the said clerk of the Hendricks Circuit Court to prepare, seal, and certify to this court in connection with the appeal of this cause, a transcript of the record of all the papers, proceedings, entries, judg-

ments, etc., pertaining to the *nunc pro tunc* entry in the Hendricks Circuit Court.

On December 28, 1933, by agreement of parties, the appellee's petition for *writ of certiorari* was granted and writ ordered issued; by agreement of parties appellants' petition for *writ of certiorari* was granted and writ ordered issued, and on January 5, 1934, both *writs of certiorari* were returned. On January 12, 1934, the transcript was ordered returned for re-certification and was refiled on January 15, 1934. Upon leave of court, appellants, on the 23rd of February, 1934, filed their supplemental assignment of errors. Appellants alleged therein: first, the court below erred in overruling the motion of the appellants to dismiss the petition of the said appellee for an entry *nunc pro tunc* in said cause; second, the court below erred in granting the petition of the appellee herein for an entry *nunc pro tunc* in the above entitled cause; third, the court below erred by its order, judgment and decree in changing the record of the court below in the above entitled cause in the whole and in every part of such change in its said record, done by the court below on, to wit: the 9th day of December, 1933; fourth, the decision of the court below in granting the petition of the appellee for an entry *nunc pro tunc* was not sustained by sufficient evidence; fifth, the decision of the court below in sustaining the petition of the appellee for an entry *nunc pro tunc* was contrary to law; sixth, the court below erred in the making of its order for the correction of the record of the court below in the above entitled cause on the petition of the appellee herein for an entry *nunc pro tunc*. Wherefore, appellants prayed that the action, orders, judgment, and decree of the court below on the petition of the appellee in the court below for an entry *nunc pro tunc* be in all things reversed, set aside, and held for naught.

In passing upon appellee's motion to dismiss this appeal, it is necessary that we dispose of the appellants' supplemental assignment of errors predicated upon the proceedings had in the Hendricks Circuit Court on appellee's motion for an entry *nunc pro tunc,* and which proceedings have been properly certified to this court.

The appellants challenge the correctness of the lower court in granting appellee's petition for an entry *nunc pro tunc* on the insufficiency of evidence, in this: That the evidence fails to disclose any memoranda, note, or other memorial upon which to base the entry and that the evidence is entirely parol. Upon examination of the transcript, we find introduced in evidence the court's bench docket containing the judge's minutes, which discloses: "9/20/32. Come now again the parties, by counsel, and defendants' motion for a new trial is now overruled, to which ruling each of the defendants, John Reitzel and Edgar Reitzel, separately and severally except. And now each defendant prays an appeal to the Appellate Court of Indiana. Appeal granted, bond fixed at $5,000.00, with ——————— as surety thereon, which surety the court now approves and sixty days are given in which to file bond and bills of exception." And the civil order book entry was read in evidence, which is in the words and figures following: "Come now again the parties, by counsel, and the court having examined the defendants' motion for new trial, heretofore filed, and being sufficiently advised in its premises, now overrules the same, to which ruling of the court each of the defendants, John Reitzel and Edgar Reitzel, separately and severally excepts.

"And now each of the defendants, John Reitzel and Edgar Reitzel, prays an appeal to the Appellate Court of Indiana. And the court being duly advised, now grants said appeal, and bond is fixed at $5,000.00, with *Fidelity and Deposit Company of Maryland* as surety

thereon, which surety the court approves and sixty days are given in which to file bond and bill of exceptions."

In the case of *Neuenschwander* v. *State* (1928), 200 Ind. 64, 67, 161 N. E. 369, the court said: "The minutes kept by the judge of the court, made at the time, are sufficient foundation, upon which to make a *nunc pro tunc entry* when they show what the record should contain. *Brittenham* v. *Robinson* (1899), 22 Ind. App. 536, 54 N. E. 133; *Pittsburgh, etc., R. Co.* v. *Lamm* (1916), 61 Ind. App. 389, 112 N. E. 45; *Perkins* v. *Hayward* (1892), 132 Ind. 95, 31 N. E. 670; *Ewbank,* Manual of Practice (2d ed.) §214a." After the expiration of the term, the court has power to change its record upon evidence consisting of the minutes kept and made by the judge and parol evidence in support of the motion for a *nunc pro tunc* entry and after notice to the party to be affected. *Schoonover* v. *Reed* (1879), 65 Ind. 313; *State, ex rel.* v. *Griffith, Judge* (1919), 188 Ind. 167, 122 N. E. 417. The fact that an appeal had been taken does not deprive the lower court of power to amend its order. 15 C. J. 977, §396.

In the case of *Illinois Pipe Line Co.* v. *Fitzpatrick* (1934), 207 Ind. 1, 188 N. E. 771, it appears that on the day judgment was entered and the appeal prayed, the appellant presented to the court a form of an order, with blanks for the time to be allowed for filing, the names of the surety, and the amount of the bond. Appellant orally suggested in open court the name "National Surety Company of New York" as surety and the court then approved said company as surety and stated that the record would be made up accordingly. The record was made up accordingly except that the clerk did not insert the name "National Surety Company of New York." Upon this showing the lower court granted an order for an entry *nunc pro tunc* and supplied the omission in the record as to the name of the surety, and the

Supreme Court, in disposing of the sufficiency of the evidence relative to the *nunc pro tunc* entry, said (p. 5) : "The decisions of this court, construed in the light of learned and respected authority, may be properly interpreted as establishing the rule that where the record fails to show that a judgment was rendered, order made, or that action was taken, the fact that such action was taken, can only be established *nunc pro tunc* after the term by evidence consisting of some written memorial or record, but that when the fact that a judgment was rendered, or some other action taken, is so established, parol proof may be resorted to for the purpose of showing the character, terms, and conditions of the action taken." Citing Black on Judgments (2nd Ed.) §135; Freeman on Judgments (5 Ed.) §§127-129. The court held that the evidence was sufficient. ,

Applying the above statements of the rules pertaining to *nunc pro tunc* entries to the instant case, it is apparent that the action of the trial court was not dependent wholly upon parol testimony. The court bench docket, containing the minutes kept by the judge of the court, discloses that instead of writing the name of the surety therein, the space was left blank, and, likewise, in the civil order book, the space for the name of the surety was left blank, and the name was not inserted until after the 5th of November, 1932. Further, the surety was not, in fact, named and approved by the court during the term, and we think there was sufficient evidence to sustain the lower court in granting the order for a *nunc pro tunc* entry.

It should be borne in mind that the right of appeal is purely statutory, and a party who seeks to avail himself of such remedy must comply with the statute providing for the same. *Equitable Surety Company* v. *Taylor* (1919), 71 Ind. App. 382, 121 N. E. 283. It is well settled that, in order for a party to perfect a term-

time appeal, it is essential that the bond be approved by the court at the term at which the appeal is granted, or that the equivalent be accomplished by the court fixing the amount of the bond and naming and approving the sureties at such term, and by appellant filing the same in accordance with such order, within the time granted by the court and shown by the record. *Equitable Surety Company* v. *Taylor, supra.*

The record of the Hendricks Circuit Court as it now appears, after the order was made on appellee's petition for an entry *nunc pro tunc,* shows that the appellants' appeal bond was not approved by the court at the term at which the appeal was granted, and that the court did not approve the surety of said bond at such term. Therefore, the appellants did not perfect a term-time appeal, and there is no claim that this is a vacation appeal.

The appellants further contend that the appellee is guilty of *laches* in asking that the record be corrected, and in this we can not agree, for the appellee is not required to speak until it is her duty to do so, and certainly appellee is not required to assist appellants in perfecting their record.

Appellants point out the fact that in as much as appellee's attorney acknowledged service of notice to appellants' second petition for extension of time within which to file appellants' briefs, that appellee waived the essential requirement of the appellants having their appeal bond approved by the court at the term at which the appeal was granted or of having the court fix the amount of the bond and name and approve the surety. It will be noted that such action on the part of appellee's attorney in acknowledging service of notice to appellants' second petition for extension of time within which to file appellants' brief was not affirmative in character and could not place appel-

lant in any more advantageous position on the question of the jurisdiction of this court than had appellants actually acquired service of the notice by having the same served upon appellee. This contention is untenable.

There being sufficient competent evidence, the decision and order of the Hendricks Circuit Court granting appellee's motion for the *nunc pro tunc* entry is sustained. It follows that the motion to dismiss the appeal must be sustained for want of jurisdiction. For the reasons stated, appellee's motion is sustained, and the appeal is dismissed.