TORMOHLEN *v.* TORMOHLEN.

[No. 15,962. Filed June 1, 1938.]

*Roscoe D. Wheat* and *Travis A. Shaw,* for appellant.

*McClellan & McClellan* and *Robert L. Smith,* for appellee.

CURTIS, P. J.—The appellee's petition filed in the trial court alleges in substance: That on the 13th day of April, 1936, the same being the first judicial day of the April Term (1936), of the trial court, said court rendered its decision and decree in a cause pending in that court wherein the appellee was granted an absolute divorce from the appellant, a judgment for $6,000.00 alimony, custody of two minor children and support therefor, and an order made against the appellant for the payment of appellee's attorney's fees in the sum of $600.00; that subsequently to the said decision of the court an order book entry was prepared and entered in the records of the court, which entry did not correctly state the decision of the court; that thereafter on the 29th day of July, 1936, the same being the 93d judicial day of said April Term of said court, the appellee filed her verified petition in said cause to have the court correct its record of April 13, 1936, to speak the truth as to said proceedings; that on September 9, 1936, the same being the 127th judicial day of said April Term of said court, the appellant herein appeared to said petition to correct the record and said petition was then submitted to the court, evidence heard and concluded and the cause taken under advisement; that thereafter on the 21st day of September, 1936, the same being the 7th judicial day of the September Term (1936) of said court, the said court granted the prayer of said petition and corrected said record so that the record of said judgment as now entered contains an order against the said appellant for the payment of said attorneys fees instead of a mere judgment against the appellant for the same as the record originally showed.

The appellant's assignment of error calls into question the right and power of the trial court so to correct its record of said judgment.

Upon the hearing of said petition oral testimony was heard by the court as well as a transcript of the order which the court dictated to the court reporter at the original trial. In considering the above evidence along with the court's own minutes made at the original trial, the court found for the petitioner as heretofore stated. There is an abundance of evidence from which the court could correctly act as it did in sustaining the prayer of the petition. The appellant is in error in assuming that the petition sought to have the original judgment modified. Such is not the fact as is clearly disclosed by the record herein. The petition simply sought to have the record of the judgment corrected to speak the truth as to the judgment actually rendered.

For authorities bearing on the matter presented see: *Cox et al.* v. *Dill et al.* (1882), 85 Ind. 334; *State ex rel.* v. *Griffith, Judge*

(1919), 188 Ind. 167, 122 N. E. 417; *Wabash Railway Company* v. *City of Gary* (1921), 191 Ind. 394, 132 N. E. 737.

The trial court was clearly within its power in granting the prayer of appellee's petition.

Judgment affirmed.