BYERLY, D/B/A BYERLY CONSTRUCTION
COMPANY *v.* LUSARDI ET AL.

[No. 19,316.   Filed May 7, 1962.]

*Bangs & Yates, C. W. H. Bangs,* and *Donald G. Yates,* of Huntington, for appellant.

*Celarek & Bonahoom, Nieter, Smith, Blume & Wyneken,* both of Fort Wayne, for appellees Lusardi and Lusardi.

*Byron F. Novitsky,* of Fort Wayne, for appellee Waterfield Mortgage Company, Inc.

MYERS, J.—This was an action brought by appellant, doing business as Byerly Construction Company, to foreclose a mechanic's lien against appellees, Lusardi and Lusardi, husband and wife, in the sum of $10,458.64, plus attorney fees, for the construction of a residence in the City of Fort Wayne, Indiana.

Following the filing of the complaint, appellees, Old Fort Supply Company, Inc., Standard Plumbing & Hardware Supply, The Erie Materials Co., Inc., and Cline Lumber Company, filed their separate mechanics' liens against the real estate involved. Appellant then filed a supplemental complaint for foreclosure joining these appellees as additional parties defendant. He also included appellee, Waterfield Mortgage Company, Incorporated, as a party defendant as mortgagee to answer as to its interest in and to the real estate.

The Lusardis filed what amounted to a general denial, pursuant to Supreme Court Rule 1-3, and two paragraphs of a cross-complaint wherein they alleged that there was a written agreement between them and appellant to construct a dwelling house; that appellant's work was not done in a workmanlike manner; that appellant refused to correct the defects or complete the building; that they were obliged to employ contractors to complete the job to satisfy requirements of the Federal Housing Administration (hereinafter called FHA); that when the building was completed to the satisfaction of the FHA, appellant refused to sign necessary papers, thus preventing the Lusardis from completing their finance arrangements with appellee, Waterfield Mortgage Company, Incorporated; that as a result of such refusal, the FHA would not endorse the note given to appellee mortgage company. Damages were asked.

Waterfield Mortgage Company, Incorporated (hereinafter called Waterfield), filed its answer in two paragraphs, the first being in general denial, pursuant to Supreme Court Rule 1-3, and the second alleging that a note and mortgage had been signed by the Lusardis and the mortgage placed of record in the Recorder's Office of Allen County, Indiana. Waterfield asked that this mortgage be declared a first lien, superior to that claimed by appellant.

For answer to the Lusardis' cross-complaint, appellant denied all allegations in one paragraph and set up affirmative defenses in a second paragraph.

The other four appellees filed answers and cross-complaints, which do not need to be considered as it was stipulated before trial that each was entitled to recover the amount of its lien, together with reasonable attorney fees.

The real quarrel was between appellant and the Lusardis. The evidence revealed that there was an agreement between them whereby appellant was to build a house and garage for the Lusardis in Fort Wayne, based upon an FHA loan. The original construction contract was in writing, dated November 9, 1955, and stated that appellant was to furnish material and labor, other than material furnished in a package unit, to completely construct a Precision House in accordance with plans and specifications to be approved by the FHA. The Lusardis were to pay appellant $2,000 in cash, $1,000 upon completion of the foundation and $1,000 upon completion of the house. Appellant agreed to credit the Lusardis with $1,200 in addition to the $2,000 cash for the exclusive use of the house as a model home for a period of one month from date of completion.

The Lusardis applied for an FHA loan from a mortgage corporation based upon an FHA valuation of $18,500 and a loan valuation of $15,300. The commitment was issued and assigned to appellee, Waterfield, which drew the mortgage papers and had them signed on February 20, 1956, being the same day the Lusardis received a deed to the premises.

It was stipulated that Waterfield paid out from the mortgage proceeds certain sums for materials, the cost of the real estate, and to appellant as part payment under the contract with the Lusardis, leaving undistributed the sum of $5,953.32.

At the trial there was much conflict in the evidence as to the exact contract entered into between the parties. Appellant contended that he did not agree to build the house for $18,500, but at cost plus ten per cent. He claimed that this was the result of a verbal agreement. This was denied by the Lusardis.

Appellant claimed that he had to alter the plans and put in extras pursuant to Lusardi's direction, which added to the cost. Lusardi stated that he knew nothing about the extras until they were ready to close the transaction at Waterfield's office in April, 1956. Appellant disputed the amounts which Lusardi said were necessary to complete the house and correct faulty construction.

The trial court made very complete and extensive findings of fact in which it found that the written contract of November 9, 1955, constituted the agreement between appellant and the Lusardis; that there was a substantial compliance for the use and display of the house as a model home for one month; that there was a firm commitment for an FHA loan in the sum of $15,300 which was assigned to Waterfield; that the deed, note and mortgage were executed February 20, 1956, and the deed and mortgage placed of record then; that the mortgage sum of $15,300, together with $2,000 delivered to Waterfield by the Lusardis, and credit for the display in the sum of $1,200, made a total of $18,500, which was the agreed price for the real estate and house.

The court further found that the value of the extras provided by appellant and the value of the materials and labor not furnished and performed by appellant were equal; that there was due and owing appellant the sum of $1,582.51; that he was entitled to judgment for this sum secured by a mechanic's lien.

Other findings were made disposing of claims in favor of appellees, including Waterfield. In regard to the latter company, the court specifically found that there was due and owing it the sum of $3,500 disbursed for the payment of real estate, which amount was

secured by a mortgage in Waterfield's favor on the real estate and being a first lien thereon.

. Conclusions of law were filed in accordance with these findings and consistent judgment was entered in favor of appellees, Old Fort Supply Company, Inc., Standard Plumbing & Hardware Supply, The Erie Materials Co., Inc., Cline Lumber Company and Waterfield, against the Lusardis and in favor of appellant, wherein the mortgage and mechanics' liens were ordered foreclosed and the property sold. Appellant was then ordered to be paid from the balance of the funds remaining from the sale of the property after satisfying the appellees. Any monies left over were to go to the Lusardis.

Appellant filed his motion for new trial, which reads as follows:

"Comes now plaintiff in the above entitled cause and moves for a new trial on each of the following grounds, to-wit:

"1. The damages assessed by the court against plaintiff in favor of Julius Lusardi and Florence Lusardi are excessive;

"2. Error in the assessment in the amount of recovery in favor of plaintiff, in this, the amount is too small;

"3. That the plaintiff in this cause was entitled to recovery by his complaint, and did so recover, but was awarded substantially less recovery than the facts in evidence show his actual pecuniary loss to be;

"4. The finding of the court is not sustained by sufficient evidence;

"5. The finding of the court is not sustained by sufficient evidence and is contrary to law.

"WHEREFORE, plaintiff prays the court for a new trial of said cause."

The motion was overruled and this appeal followed. The assignment of errors states as follows:

"The Appellant says that there is manifest error in the judgment and proceedings, prejudicial to Appellant, in this cause in this:

"1. The court erred in overruling Appellant's motion for a new trial.

"2. The court erred in sustaining the motion of Lusardi and Lusardi to correct special findings and judgment nunc pro tunc and overruling of written objections of Appellant to said motion to correct special findings and judgment nunc pro tunc."

In his argument on specification 1 of the motion for new trial appellant claims that the damages assessed against appellant in favor of the Lusardis are excessive. He says that there was "undisputed" evidence that the value of the extras provided by appellant and the value of the materials and labor not furnished or performed by appellant were not equal as found by the court. However, there was much conflict in the evidence on these matters which we will not weigh. Thus, the finding of the court must stand.

Appellant further contends under this point that the recovery of attorney fees to appellees who filed liens was unwarranted and unjustified because there was no dispute over their claims, and the failure of the Lusardis and the mortgagee to pay those claims could not be blamed upon appellant. It is true that there was a stipulation before trial that these claims were just, but it was made after the liens has been filed on behalf of those appellees by their attorneys. Meanwhile, legal services had been rendered to protect their interests after appellant had filed suit on his lien, thus precipitating action on the part of the other appellees. The statute pertaining to mechanics' liens provides for attorney fees in situations of this sort. Burns' Ind. Stat., §43-707, 1952

Replacement. The court committed no error in allowing such fees.

Appellant treats specifications 2 and 3 of the motion for new trial together. These generally charge that appellant's recovery was too small according to the evidence. This argument is based upon appellant's interpretation of what the contract was between him and the Lusardis. There was much disputed evidence concerning this, and, having no right to weigh this evidence, we find no error in the court's findings and conclusions.

It is finally contended that the findings of the court are not sustained by sufficient evidence and are contrary to law. In so far as appellant argues about the evidence not sustaining the findings concerning the contract, the use of the house as a sales model, the agreed price of the house, the value of the extras, the material and labor not furnished as required by the contract, the cost of construction and the recovery granted appellant, we have found that the evidence concerning these matters was in conflict, and, accordingly, we will not disturb the court's findings thereon.

Judgment was rendered on the findings of facts and conclusions of law on December 4, 1958. On March 20, 1959, the Lusardis filed a motion to correct the special findings and make them conform to the facts and to enter judgment nunc pro tunc. Over appellant's objections, the court sustained the motion and amended the findings and judgment nunc pro tunc. This amendment consisted of a correction in the sum awarded appellant against the Lusardis. Originally it had been stated in the findings as being in the sum of $3,582.51. It was pointed out that this

should have been $1,582.51 in order to conform to other special findings of the court.

Objections were made that the motion was filed after term time, after the motion for new trial had been overruled, and after an appeal bond had been granted and fixed.

It has been held that clerical errors in a judgment may be corrected by nunc pro tunc entry so as to make it speak the truth. *Brittenham* v. *Robinson* (1899), 22 Ind. App. 536, 54 N. E. 133. Delay in making the application and inadvertent failure to discover the omissions sooner are not good grounds for denying the amendment. (Idem.) In the proper case this may be done after term time. *Cauthorn* v. *Bierhaus* (1909), 44 Ind. App. 362, 88 N. E. 314. There was an arithmetical error which the court corrected upon proper application. It therefore did not err in overruling the appellant's motion to correct the findings and judgment.

Appellant claims that the court committed error when it denied attorney fees to appellant in awarding him foreclosure of his lien against the Lusardis. The special findings as amended stated that appellant was entitled to judgment against the Lusardis in the sum of $1,582.51 which was secured by lien on the real estate and that such lien should be foreclosed and the property sold, subject to the prior rights of other lienholders. Finding No. XXIII reads as follows:

### "XXIII

"The court finds that the plaintiff is estopped and should be denied the right to recover attorney fees in the foreclosure of his lien because Defendants Lusardi were in a position to and were ready and willing to close said transaction and settle the same in accordance with the contract, and this litigation and the foreclosure of any lien to which the plaintiff was entitled was

caused by the plaintiff in refusing to settle in accordance with the contract between the parties and his refusal to sign the completion warranty."

In making this finding, the court committed error. Appellant's attorney testified as to legal services rendered in connection with the filing of the lien and the foreclosure thereof. At that time it was stipulated "that if the court finds for the plaintiff, there shall be allowed such attorney fees as are provided under the bar rate of the Allen County Bar."

Section 43-707, Burns' Ind. Stat., 1952 Replacement, *supra,* provides as follows:

"In all suits brought for the enforcement of any lien under the provisions of this act [§§43-701 —43-713], if the plaintiff or lienholder shall recover judgment in any sum, he shall also be entitled to recover reasonable attorney's fees, which shall be entered by the court trying the same, as a part of the judgment in said suit."

Our court has previously stated:

"In actions in this state to foreclose mechanics' liens, the statute fixes the right to a reasonable attorney's fee, but the amount thereof must be determined by the evidence." *Winslow Gas Co.* v. *Plost* (1919), 69 Ind. App. 611, 615, 122 N. E. 594, 595.

The statute is mandatory and leaves no room for exceptions on the basis of estoppel or otherwise. Having found for appellant, the court should have allowed a reasonable attorney fee based upon the stipulation.

Judgment affirmed except as to Finding No. XXIII and judgment thereon. This case is remanded to the trial court for the sole purpose of determining reasonable attorney fees to be recovered by appellant in the enforcement of his lien and to enter judgment accordingly.

Ryan, C. J., and Ax and Cooper, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 4.